UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Sean G. Sabelko,

    Plaintiff,

vs.

Progressive Classic Insurance Company, a domestic
corporation, Artisan and Truckers Casualty Company,
a domestic corporation, and Jacob M. Blazkovec as
Special Administrator for the Estate of Decedent,
Justin Ryan Magle,

    Defendants.

Civil Action No. 23-cv-435

**COMPLAINT**

Plaintiff, Sean G. Sabelko, by and through his attorney of record, hereby asserting claims against the Defendants herein, states and alleges as follows:

## I. PARTIES

1. That, on July 12, 2020, and at all times material hereto, Plaintiff Sean G. Sabelko is an adult who resides in the City of Oak Park Heights, County of Washington, State of Minnesota.

2. That, on July 12, 2020, and at all times material hereto, Defendant Progressive Classic Insurance Company (hereinafter "Defendant Progressive Classic") is a domestic corporation with its principle business offices located at 6300 Wilson Mills Road W33, City of Cleveland, State of Ohio, and at all material times, Progressive was duly licensed to do business

1

and doing business selling products of insurance in, among other states, the State of Wisconsin, having as its registered agent for service of process in the State of Wisconsin as CT Corporation System, 301 South Bedford, City of Madison, 53703.

3.  That, on July 12, 2020, and at all times material hereto, Defendant Artisan and Truckers Casualty Company (hereinafter "Defendant Artisan") was a domestic corporation with its principle offices located at 6300 Wilson Mills Road W3, in the City of Cleveland, State of Ohio, and at all material times, Defendant Artisan was duly licensed to do business and doing business selling products of insurance in, among other states, the State of Wisconsin, having as its registered agent for service of process in the State of Wisconsin as CT Corporation System, 301 South Bedford, City of Madison, 53703.

4.  That, policies of insurance sold and marketed by Defendant Progressive Classic and Defendant Artisan in the State of Wisconsin are sold and marketed to the public as Progressive brand insurance. Defendants Progressive Classic and Defendant Artisan are within and a part of the Progressive group of insurance companies and hereinafter are collectively referred to as "Defendants Progressive."

5.  That, on July 12, 2020, Justin Ryan Magle was an adult residing at E5525 County Road South, in the City of Algoma, County of Kewaunee, State of Wisconsin, and died on July 12, 2020.

6.  That, Defendant Jacob M. Blazkovec, as Special Administrator for the Estate of Justin Ryan Magle, located at 409 Steele Street, in the City of Algoma, Wisconsin, was duly appointed by the Wisconsin Circuit Court, Kewaunee County, by order dated June 19, 2023 (attached hereto as **Exhibit A**), for the limited purposes stated in the order, and specifically, Defendant Jacob M. Blazkovec, as Special Administrator for the Estate of Decedent, Justin Ryan

Magle (hereinafter "Defendant Magle"), is duly authorized to accept service of process for the estate of the deceased, Justin Ryan Magle,

## II. VENUE AND JURISDICTION

7. That, at all times material and relevant hereto, Plaintiff Sean G. Sabelko was and is an adult citizen of the United States of America, and a resident of the State of Minnesota.

8. That, at all times material and relevant hereto, Justin Ryan Magle at the time of the incident giving rise to Plaintiff's claim herein, was a citizen of the United States of America, and was a resident of the State of Wisconsin until his death on July 12, 2020. That, Defendant Jacob M. Blazkovec, the Special Administrator of the Estate of Decedent, Justin Ryan Magle, is a citizen of the United States of America, and a resident of the State of Wisconsin.

9. That, at all times material and relevant hereto, Defendant Progressive Classic Insurance Company is incorporated in the State of Wisconsin and is thus a citizen of the State of Wisconsin for Diversity Jurisdiction purposes.

10. That, at all times material and relevant hereto, Defendant Artisans and Truckers Casualty Company is incorporated in the State of Wisconsin and is thus a citizen of the State of Wisconsin for Diversity Jurisdiction purposes.

11. That as a result of injuries sustained in a motor vehicle collision occurring on July 12, 2020, near the City of River Falls, State of Wisconsin, Plaintiff Sean G. Sabelko claims damages against Defendant Magle and/or the estate of Justin Ryan Magle, and his/its liability insurers, Defendants Progressive, in an amount exceeding $75,000.00, not including interest and court costs.

12. That, this Court has jurisdiction pursuant to diversity jurisdiction provided by 28 U.S.C. §1332.

13. That, venue of this action is proper in this District pursuant to 28 U.S.C. §1391, subd. (a)-(d).

### III. FACTUAL BACKGROUND

14. That, on July 12, 2020, and at all times material hereto, there was in full force and effect a policy of liability insurance coverage issued by Defendant Progressive Classic to Defendant Magle's decedent, Justin Ryan Magle, covering Justin Ryan Magle and/or the motorcycle operated by Justin Ryan Magle on July 12, 2020.

15. That, on July 12, 2020, and at all times material hereto, there was in full force and effect a policy of liability insurance coverage issued by Defendant Artisan to Defendant Magle's decedent, Justin Ryan Magle, covering Justin Ryan Magle and/or the motorcycle operated by Justin Ryan Magle on July 12, 2020.

16. That, on or about July 12, 2020, Defendant Magle's decedent, Justin Ryan Magle, was operating his 2013 Harley Davidson motorcycle traveling eastbound on 690th Ave approaching the intersection of 690th avenue and County Road O at or near the City of River Falls, County of Pierce, State of Wisconsin.

17. That, the afore-referenced intersection was controlled by a stop sign on 690th Avenue. County Road O was a through street (without traffic controls or signs to stop) with vehicles traveling on County Road O having the right of way.

18. That, on July 12, 2020, and at all times material hereto, Plaintiff Sean G. Sabelko was operating his 2008 Hyundai Sonata traveling southbound on County Road O approaching the intersection with 690th Street at or near the City of River Falls, Wisconsin.

19. That, on July 12, 2020, at the intersection of 690th Street and County Road O, at or near the City of River Falls, County of Pierce, State of Wisconsin, Defendant Magle's decedent, Justin Ryan Magle, did negligently and carelessly operate the motorcycle he was driving and negligently failed to stop for the stop sign, entered County Road O without warning, and thereby caused his motorcycle to collide with Plaintiff's vehicle on County Road O, and caused personal injuries and damages to Plaintiff as the result of the collision. Also as a result of this collision, Mr. Magle was thrown from his motorcycle and suffered fatal injuries. Independent witnesses observed, and investigating law enforcement concluded, that Mr. Magle disregarded the stop sign.

20. That, on July 12, 2020, and at all times material hereto, Defendant Magle's decedent, Justin Ryan Magle, had a duty to drive with reasonable care and in compliance with the law and he negligently breached that duty.

21. That, the above-referenced collision occurred as a result of the negligence and carelessness of Defendant Magle's decedent, Justin Ryan Magle, including but not limited to the following negligent actions:

    a. failing to stop for a stop sign;

    b. failing to maintain a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

    c. failing to make timely application of brakes to avoid the collision as a person using ordinary care would have done under the same or similar circumstances;

    d. failing to take proper evasive action to avoid the collision as a person using ordinary care would have done under the same or similar circumstances;

    e. failing to reduce his speed to avoid a collision;

      f.      failing to operate his vehicle at a prudent and reasonable speed under the conditions and hazards then existing in violation of Wis. Stats. §347.57(2);

      g.      operating his vehicle in a reckless manner in violation of Wis.Stat. §346.62;

      h.      failing to otherwise operate his vehicle in a reasonably safe manner.

22. That, Defendant Magle, and/or the estate of Justin Ryan Magle, is responsible for the injuries and damages of Plaintiff caused by the negligence and carelessness of Justin Ryan Magle.

23. That, pursuant to Wis. Stat. §632.24, Defendant Progressive Classic as insurer of Justin Ryan Magle is directly liable for and responsible to pay all of Plaintiff's damages caused by the negligence and carelessness of its deceased insured, Justin Ryan Magle, and any resulting verdict or judgment, consistent with the limits of Defendant Progressive Classic's coverage.

24. That, pursuant to Wis. Stat. §632.24, Defendant Artisan as insurer of Justin Ryan Magle is directly liable for and responsible to pay all of Plaintiff's damages caused by the negligence and carelessness of its deceased insured, Justin Ryan Magle, and any resulting verdict or judgment, consistent with the limits of Defendant Artisan's coverage.

25. That, as a direct and proximate result of the negligence and carelessness of Defendant Magle's decedent, Justin Ryan Magle, Plaintiff Sean G. Sabelko suffered personal injuries, all of which caused him in the past, and will in the future cause him, physical pain, suffering, physical impairment, mental anguish and emotional distress, medical expenses, loss of earnings and earning capacity, property damages and other resulting economic losses, resulting in damages to him in an undetermined amount exceeding $75,000, for which he should be compensated in accordance with the law.

## IV. DEMAND FOR JURY TRIAL

Plaintiff Sean G. Sabelko demands a trial by jury as to each and every Count of the Plaintiff's Complaint herein against Defendants.

## V. DEMAND FOR JUDGMENT

**NOW THEREFORE**, Plaintiff Sean G. Sabelko demands judgment against Defendants herein for a reasonable sum in excess of the minimal jurisdiction limits of the Court in an amount to fully compensate his damages, together with interest, costs and disbursements as may be allowed by law, and for such other relief at law and in equity to which Plaintiff may be justly entitled.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after opportunity for further investigation or discovery; and (4) the Complaint otherwise complied with the requirements of Rule 11.

Dated: 6/24/2023

*[signature]*

Susan M. Holden, MN#189844
Attorney for Plaintiff
**SiebenCarey, P.A.**
901 Marquette Avenue, Suite 500
Minneapolis, MN 55402-3205
(612) 333-4500
Susan.Holden@Knowyourrights.com

7

**FILED**
06-19-2023
Register in Probate
Kewaunee County, WI
2023PR000027

**BY THE COURT:**

**DATE SIGNED: June 19, 2023**

Electronically signed by Jeffrey R. Wisnicky
Circuit Court Judge

---

STATE OF WISCONSIN, CIRCUIT COURT, KEWAUNEE COUNTY

IN THE MATTER OF THE ESTATE OF

JUSTIN RYAN MAGLE
Name

Date of Death: July 12, 2020

☐ Amended

**Order for Special Administration**
**(Formal Administration)**

Case No. 23-PR-_____

A Petition for Special Administration was filed or the court acts on its own motion.

**THE COURT FINDS:**

1. The decedent, with date of birth March 16, 1994 and date of death July 12, 2020 was domiciled in Kewaunee County, State of Wisconsin, with a mailing address of E5525 County Road S, Algoma, Wisconsin 54201.

2. The court has jurisdiction, is the proper venue and there is a statutory basis for appointment of a special administrator.

3. Notice was
   ☐ given to all persons entitled to notice.
   ☐ waived.
   ☒ deemed unnecessary by the court and the appointment should be made without delay.

☐ 4. Other: _____

**THE COURT ORDERS:**

1. Letters of special administration be issued to Jacob M. Blazkovec, mailing address 409 Steele Street, Algoma, WI 54201.

2. ☐ A signature bond   ☐ A surety bond   in the sum of $_____ is required.
   ☒ No bond is required.

3. The special administrator is granted
   ☒ A. only these specific powers and duties: See Attached.
   ☐ B. *(following a hearing on notice to, or waiver of notice by, all interested parties)* all the same powers, duties and liabilities as a personal representative.
      ☐ Except: _____

☐ 4. Other: _____

**THIS IS A FINAL ORDER FOR THE PURPOSE OF APPEAL IF SIGNED BY A CIRCUIT COURT JUDGE.**

PR-1852, 10/10 Order for Special Administration (Formal Administration)   §§867.07, 867.13, 867.17, 879.05 and 879.57, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 1 of 2

**EXHIBIT A**

| Form completed by: (Name) | |
|---|---|
| Nathan M. Cockerham | |
| Address | |
| Ledin, Olson & Cockerham, S.C. | |
| 1109 Tower Avenue | |
| Superior, WI 54880 | |
| Telephone Number<br>715-394-4471 | Bar Number<br>1067913 |

PR-1852, 10/10 Order for Special Administration (Formal Administration)   §§867.07, 867.13, 867.17, 879.05 and 879.57, Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**
Page 2 of 2

## SPECIFIC DUTIES AND POWERS

The Decedent died in a motorcycle accident after it struck a car in Pierce County, Wisconsin. The other vehicle was driven by Sean Sabelko. Mr. Sabelko sustained injuries in the accident, and alleges that the accident was caused by the negligence of the Decedent.

The Decedent was insured by a policy of liability insurance at the time of the accident. However, upon information and belief, no proceedings for the administration of the Decedent's Estate have been or are pending.

It is necessary for the Court to appoint a Special Administrator for the sole purpose of accepting service on behalf of the Estate of the Decedent, and tendering a claim to the Decedent's liability insurance carrier for Mr. Sabelko's damages.